## IN THE CIRCUIT COURT OF BOLLINGER COUNTY, MISSOURI

| | |
|---|---|
| RONDA WALKER ) | |
| HC66, Box 679A, ) | |
| Marble Hill, MO 63764 ) | |
| ) | |
| **Plaintiff,** ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, ) | |
| **Serve:** Director of Insurance ) | |
| 301 W. High Street, Room 530 ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| **Defendant.** ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, Ronda S. Walker, (hereinafter "Plaintiff") by and through her undersigned attorneys and for her cause of action against Defendant, Progressive Direct Insurance Company, (hereinafter "Defendant") states to the Court as follows:

<u>General Allegations</u>

1. Plaintiff, at all times relevant herein, was a resident of the State of Missouri, presently residing at HC66, Box 679A, Marble Hill, Bollinger County, Missouri.

2. Defendant is an insurance company in good standing and doing business in Missouri, with its principal office at 12250 Weber Hill Road, Suite 210, St. Louis, MO 63127 and can be served with process as referenced above with the Missouri Department of Insurance.

3. On or about March 22, 2012, Steve Walker, husband of Plaintiff Ronda Walker, died in a motorcycle accident in Bollinger County, Missouri.

4. Violet Little was operating a vehicle that caused the March 22, 2012 fatal accident.

5. Plaintiff settled with Safe Auto Insurance Company ("Safe Auto") for Violet Little's actions, obtaining the policy limit of $25,000.00, confirmed in writing by Safe Auto. Defendant was notified of this settlement prior to the time of settlement and did not object to this settlement.

Electronically Filed - Bollinger - February 05, 2015 - 10:34 AM

6. On the date of the accident, Steve Walker was operating a motorcycle and was the named insured under Defendant's motorcycle insurance policy in force: Policy No. 381499164. This policy did not have underinsured motorist coverage.

7. On the date of the accident, Steve and Rhonda were the named insured under two of Defendant's automobile policies: 27591778-7 and 30247293-6. Both policies had $50,000 underinsured motorist coverage with a limit of $50,000 each.

8. Demand was made by Plaintiff for the $50,000 underinsured motorist coverage under both Progressive auto policies. Said demand was denied by Defendant.

9. Jurisdiction and venue are proper in this Court in that the accident and resulting death occurred in Bollinger County, Missouri, and the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000).

<u>Count I – Breach of Underinsured Motorist Insurance Contract</u>

COMES NOW Plaintiff, Ronda S. Walker, by and through her undersigned attorneys and for Count I of her cause of action against Defendant, Progressive Direct Insurance Company, states to the Court as follows:

10. Plaintiff repeats and incorporates and realleges each and every paragraph and subparagraph set forth above in General Allegations as if they were set forth herein at length against Defendant.

11. Plaintiff paid premiums and was a named insured on the two automobile policies which included underinsured motorist protection for each policy in the amount of Fifty Thousand Dollars ($50,000) per person and, thus, is entitled to benefit from the insurance contracts' protections.

12. Both policies provide a total of One Hundred Thousand Dollars ($100,000) for underinsured motorist coverage applicable to this action.

13. Plaintiff is "the insured" pursuing her demand for coverage under the undersigned motorist coverage of said policies for the wrongful death of Steve Walker.

14. Steve Walker's death was a compensable action for Plaintiff under her automobile polices with Defendant.

15. The exclusion under Defendant's automobile policy, Section III(B)(1)(b), used to deny Plaintiff's claim is ambiguous.

16. The aforementioned exclusion used by Defendant to deny Plaintiff's claim does not apply to Plaintiff.

17. Steve Walker's death resulted in a claim exceeding the $25,000 limit of Mrs. Little's policy.

18. The motor vehicle driven by Violet Little was an underinsured vehicle under the language of Plaintiff's Progressive automobile policies with Defendant. Violet Little was operating an underinsured vehicle at the time of the fatal accident, as provided in the insurance policies between Plaintiff and Defendant.

19. All contractual conditions precedent under Plaintiff's own insurance policies have been met in that Violet Little had liability insurance, Violet Little's liability insurance carrier paid its policy limit of $25,000, and the damages to Plaintiff for the wrongful death of Steve Walker exceeded the $25,000 coverage by greater than $100,000.

20. Plaintiff is legally owed benefits under her underinsured policies for her damages.

21. Defendant has breached its contract to provide insurance coverage to Plaintiff, and is legally liable for her damages.

22. On or about December 27, 2012, Plaintiff sent Defendant a demand for settlement of her claim under the underinsured provision of her insurance policies.

23. As a direct and proximate result of that breach, Plaintiff has been damaged in an amount, not precisely known at this time, in excess of $100,000.

WHEREFORE, Plaintiff prays that the Court enter Judgment for the Plaintiff against Defendant owed to her under the contract for insurance between the parties in an exact amount unknown at this time and for any other and further damages as the Court deems just and proper under the circumstances.

### Count II – Vexatious Refusal

COMES NOW Plaintiff, Ronda S. Walker, by and through her undersigned attorneys and for Count II of her cause of action against Defendant, Progressive Direct Insurance Company, states to the Court as follows:

24. Plaintiff repeats and incorporates and realleges each and every paragraph and subparagraph set forth above in General Allegations (paragraphs 1-9) and Count I (paragraphs 11-23) as if they were set forth herein at length against Defendant.

25. Plaintiff issued a demand letter dated December 27, 2012, under her Progressive underinsured policies, that informed Defendant of the death of Steve Walker.

26. Defendant has failed to make a payment under and in accordance with the terms of the underinsured motorist contract it has with Plaintiff.

27. Defendant's refusal to pay for the loss incurred by Plaintiff is and was without reasonable cause or excuse.

28. Pursuant to R.S.Mo. §375.420, Plaintiff is entitled to, in addition to all damages associated with Count I, twenty percent (20%) of the first $1,500.00 of loss and ten percent (10%) for all losses greater than $1,500, as well as Plaintiff's attorney's fees.

29. As a direct and proximate result of Defendant's refusal, Plaintiff is entitled to additional damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus damages for vexatious refusal to pay in the amount of $10,150.00 plus Plaintiff's attorney's fees and the costs of this action.

Electronically Filed - Bollinger - February 05, 2015 - 10:34 AM

WHEREFORE, Plaintiff prays that the Court enter Judgment for the Plaintiff against Defendant in such amount and sums in excess of $100,000.00, as well as for her costs herein incurred, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE LIMBAUGH FIRM

By _____
John D. Harding #35672
407 North Kingshighway, Suite 400
P. O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone:  (573) 335-3316
Facsimile:  (573) 335-0621
Email:  jharding@limbaughlaw.com

ATTORNEYS FOR PLAINTIFF